

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

April 29, 1939

Honorable Furman B. Caudle
County Attorney, Franklin County
Mt. Vernon, Texas

Dear Sir:

Opinion No. O-645
Re: What is the status of the
named school districts
and can the proposed con-
solidations be made?

In answer to your request for an opinion as of April 14,
1939, and to the further information given by you in your letter
of recent date answering our request therefor as of April 20,
1939, this is to advise:

In your letter of April 14, 1939, you gave us the follow-
ing facts:

"Prior to 1935, Talco Independent School District
lay wholly in Titus County, bordering the county line
of Titus and Franklin. Just west of it bordering the
county line was Lavada Common School District wholly in
Franklin County. In 1935 Lavada Common School District
and Talco Independent School District contiguous to each
other and each bordering the county line, by some proce-
dure were consolidated as Talco Independent School
District."

In January, 1939, 20 qualified voters living in Kinny
Point School District petitioned the county judge of Franklin
County for an election to be held for the purpose of consolidating
with Talco School District as consolidated with Lavada School
District.

At the same time a petition was presented by 20 or more
qualified voters in Talco Independent School District to the County
Judge of Titus County asking for an election to consolidate with
Kinny Point.

Kinny Point Common School District does not touch the line of Titus and Franklin County but is two miles from it at the nearest Point.

However, Kinny Point Common School District is contiguous to the territory originally composing Lavada Common School District and now a part of Taloo Independent School District as set out hereinabove with regard to the consolidation with the Taloo District.

And in your last communication, you gave us the following information:

"The petition (the petition for the election to consolidate as presented to the county judge at Mt. Vernon) was handed to the county judge, and also shown to the school board. It was handed to or presented to the county judge on the day and before any grouping order was made. However, when the petition was handed to the county judge, after looking at and reading the petition, (asked the man who presented it) if he wanted it filed, and the party said "No," That he, the party, would take it with him and have an attorney to draw an order on it. This was on January 26th, 1939, and he, the party, did thereafter return with an order prepared by an attorney, dated January 31, 1939."

The County Board of School Trustees of Franklin County, on the day before the petition was handed the county judge, had discussed the grouping of Kinny Point Common School District lying wholly within Franklin County, containing approximately 20 square miles in area, and the Haggans Port Common School District lying wholly within Franklin County, containing approximately 12 square miles.

On the afternoon of the day, i. e. January 26, 1939, after the petition by the consolidation election as signed by the people of Kinny Point was presented to the county judge and after said petition had been taken out of the office of the county judge and before the same had been returned, by the party who presented it, to the county judge, the county board of school trustees of Franklin County made and entered its order grouping Kinny Point Common School District lying wholly within Franklin County with Haggans Port Common School District lying wholly within Franklin County, thereby forming a rural high school district or approximately 32 square miles or less than 100 square miles in area, and less than 250 total scholastic population in the two neuclar districts.

Upon the above facts, you request our opinion on three questions presented:

"1. Disregarding any grouping order, could Kinny Point Common School District, not being a county line district, be consolidated with Talco Independent District?

"2. And disregarding any grouping order, and granting that twenty qualified voters of Kinny Point Common School District signed a petition for an election for consolidation with Talco Independent District, such as enclosed herewith, would the County Judge, under the law, be required to call an election in Kinny Point District?"

"3. Under the foregoing facts, does the grouping order take precedence over the petition, in the way and manner it was handed to or presented, if that is presentation, to the County Judge of Franklin County?"

In view of the reply we are going to make to question No. 3, it will not be necessary for us to answer questions Nos. 1 and 2.

From what we have gathered from the question propounded, we understand that the meat of the proposition is "does the grouping order take precedence over the petition?" "Simply leaving a petition with a person who may be clerk, with directions to use it, not as clerk of the court, but as an individual, cannot be considered as filing the same with the clerk officially." Maddox v. Humphries, in 30 Tex. 497; Russell v. Taylor, 49 S. W. (2d) 733; Anderson v. Young, 101 S. W. 798. We, therefore, hold upon the facts outlined by you that the handing of the petition to the county judges to read, and with instructions not to then file the same, and the taking of the same from the office without the filing thereof, did not constitute such filing of such petition for an election as would prevent the county board of school trustees from entering such order as they saw fit to enter with regard to the grouping of the Kinny Point Common School District and the Haggans Fort Common School District into a rural high school district prior to the actual filing of the petition in question. His subsequent filing of the petition in question could have no effect on said order.

Yours very truly

ATTORNEY GENERAL OF TEXAS

BY (s) Geo. S. Berry
Geo. S. Berry
Assistant

GSB:N:
APPROVED:
(S) GERALD C.MANN
ATTORNEY GENERAL OF TEXAS